CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Tbe terms “warehouse” and “storehouse,” as used in the 4th section of the 6th article of chapter 29, General Statutes, mean any house, not an office, or a shop, or a room in a steam or other boat, in which goods, wares, and merchandise are usually deposited for safe keeping or for sale; and farming *398 implements and products are to be deemed goods within the meaning of the statute.
The uncontradicted proof of the commonwealth shows that the house described in the indictment as a “warehouse” was a granary, built and used for keeping and preserving farming utensils, etc. Hence the circuit judge did not err in holding it to be a warehouse.
The prosecution having been dismissed as to her husband, the witness, Reametha Myers, was competent to testify against the two appellants. Possibly her statement as to what her husband said about the molasses brought home by himself and George Myers being the property of Mitchell was incompetent, but upon her cross-examination the appellants make it reasonably clear that the husband’s statement was made in the presence of George Myers, and they also make the witness prove that George Myers, as well as the husband, stated substantially the same facts at the same time and apparently in the same conversation.
The instructions given by the court are unexceptionable, and it was clearly proper to refuse to instruct the jury to find the defendants not guilty. Upon the whole case we perceive no sufficient reason for the interference of this court.
Judgment affirmed.