CASE 70—INDICTMENT—October 6.

## White v. Commonwealth.

APPEAL FROM MONROE CIRCUIT COURT.

CRIMINAL LAW—BREAKING INTO "OUT-HOUSE."—The expression ' any out-house belonging to or used with any dwelling-house," as used in section 4, article 5, chapter 29, of the General Statutes, which provides for the punishment of any person who shall feloniously break into such a house and take away any thing of value, embraces such structures as are ordinarily attached to and used in connection with dwelling-houses, and, therefore, can not reasonably be construed to include a tobacco barn, built and used expressly for the storage of tobaccco. Such a structure is a storehouse or warehouse within the meaning of section 4, of article 6, chapter 29, of the General Statutes, and one who feloniously breaks into such a house and steals any thing of value is subject to punishment under that section, and not under section 4, of article 5.

The building broken into in this case being a tobacco barn, the appellant was prejudiced by an instruction telling the jury that if they found him guilty they should fix his punishment at confinement in the penitentiary not less than two nor more than ten years, as appellant was thereby deprived of the right of allowing the jury to fix his punishment as low as one year's imprisonment, which is the minimum punishment under section 4, of article 6, chapter 29, General Statutes.

White v. Commonwealth.

W. H. BOTTS FOR APPELLANT.

Under an indictment charging a breaking into an out-house used in connection with a dwelling, and proof of breaking into a tobacco barn, there can be no conviction under sec. 4, art. 5, chap. 29, Gen. Stats. Conviction can be had only under sec. 4, art. 6, chap. 29, Gen. Stats.

P. W. HARDIN FOR APPELLEE.

Where there is only an objection to an instruction when offered, but no exception to the action of the court in granting it, its correctness can not be questioned. (Criminal Code, secs. 280-1-2.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Wm. White, was indicted under section 4, article 5, of chapter 29, of the General Statutes, which provides: "If any person shall feloniously * * * break any dwelling-house, or any part thereof, *or any out-house belonging to or used with any dwelling-house,* and feloniously take away any thing of value, although the owner or any person may not be there, he shall be confined in the penitentiary *not less than two nor more than ten years.*"

The building broken into was a tobacco barn, situated in a ten-acre field, in which there was no other structure. It was from ninety to two hundred yards from the owner's dwelling-house. It had been built for the purpose of storing tobacco, and was, when the offense was committed, being so used. The property stolen from it was a lot of tobacco.

This instruction was given to the jury, over the objection of the appellant: "The court instructs the jury, that if they believe from the evidence, beyond a reasonable doubt, that the defendant, Wm. White, did, before the finding of the indictment read to them, in the county of Monroe, unlawfully and feloniously break and enter a barn, the property of T. N. Turner, *used*

*with his dwelling-house*, and did feloniously steal and carry away from and out of said barn tobacco, a thing of value, and which was the property of Wm. Jordan, they should find him guilty, and fix his punishment at confinement in the penitentiary *not less than two nor more than ten years.*"

The evidence did not support this instruction, or render the perpetrator, whoever he might have been, liable to the punishment prescribed by the provision of the statute *supra.* Upon the contrary, he was subject to punishment under section 4, article 6, chapter 29, of the General Statutes, which reads thus: "If any person shall feloniously, in the night or day, break any warehouse, storehouse, office, shop, or room in a steam, wharf or other boat, whether such place be or be not a depository for goods, wares or merchandise, and whether the goods, wares and merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom or destroy any goods, wares or merchandise, or other thing of value, whether the owner or other person be or not in such house, office, room or shop, he shall be confined in the penitentiary *not less than one, nor more than five years.*"

The Legislature intended by this provision of the statute to embrace buildings not included by that first above cited.

The expression, "any out-house belonging to or used with any dwelling-house," embraces such structures as are ordinarily attached to and used in connection with dwelling-houses. It cannot reasonably be construed to include a tobacco barn, built and used ex-

pressly for the storage of tobacco. Such a structure is a storehouse or warehouse within the meaning of the statute. The family are in and about the dwelling and out-houses belonging to and used with it. It is the home ; and it was intended to give greater protection thereto by providing a greater penalty for their unlawful invasion than in case of a warehouse or storehouse. A tobacco barn or tobacco storehouse has no proper connection with the owner's dwelling. It belongs to that class of buildings named in section 4, of article 6, all of which have no connection by use with a man's home. It would not be ordinarily understood as an out-house of the dwelling-house, and in construing the term, the usual and ordinary acceptation and meaning must be given to it.

In the case of Ray, &c., v. The Commonwealth, 12 Bush, 397, it was held that a granary, built and used for keeping and preserving farming implements and products, was within the meaning of the terms "warehouse" and "storehouse," thereby deciding that such a structure was embraced by the statute relating to them, and not by that under which the instruction was given in this case. The appellant was prejudiced by it. The jury were told that if they found him guilty they must fix the punishment at "confinement in the penitentiary not less than two nor more than ten years ;" whereas, if guilty, he was only liable to be so confined not less than one nor more than five years. It deprived him of the right, if found guilty, of allowing the jury to fix the punishment as low as one year's confinement in the penitentiary.

The judgment is reversed, and cause remanded for further proceedings under this opinion.