# Thomas v. The State.

*Indictment for Burglary.*

| 97 | 3 |
|----|---|
| 125 | 103 |

1. *Character of building must be averred in an indictment for burglary.*— An indictment for burglary which fails to show that a "sample room" in a certain hotel alleged to be broken into, was a dwelling or was a shop, store, warehouse or other structure in which goods, merchandise, or other valuable things were kept for use, sale or deposit, is defective.

2. *Ownership of building laid in occupant.*—The ownership of the building alleged to have been burglariously entered should be laid in the lessee in possession rather than in the owner of the fee.

[Thomas v. The State.]

APPEAL from Barbour Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

The defendant filed demurrers to the indictment as follows: 1. The said indictment does not allege that the building broken into and entered was a dwelling house or a building within the curtilage of a dwelling house. 2. That said indictment fails to allege that the building alleged to have been broken into and entered was a building in which goods, merchandise, or valuable things were kept for use, sale or deposit. After conviction defendant moved in arrest of judgment assigning the same grounds.

S. H. DENT, JR., for appellant, cited *Crawford v. State*, 44 Ala. 382; *Potter v. State*, 92 Ala. 37; *White v. State*, 49 Ala. 344; *Norris v. State*, 50 Ala. 126.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—This is a prosecution for burglary. The indictment charges that Ernest Thomas "broke into and entered a sample room in the 'Arlington Hotel' a building in the city of Eufaula," &c., &c. This is the only description of the house, room or inclosure broken into. The "Arlington Hotel" is not alleged to be a dwelling house, nor are any facts averred showing it to have been a dwelling house within the first member of the statute defining burglary, nor are any facts averred showing that the sample room of said hotel was a dwelling house or within the curtilage of a dwelling house in the contemplation of the first clause of the statute, and on the other hand there is equal absence of averment to the effect that said sample room was "a shop, store, warehouse or other building, structure or enclosure, in which any goods, merchandise, or other valuable thing, was kept for use, sale or deposit," &c., &c., within the second member of the statute.—Code, § 3786. The indictment was, therefore, in our opinion, fatally defective. An hotel may or may not be a dwelling house, according to the facts as to its occupancy and habitation. So each separate room in an hotel may be a dwelling house within the provisions of our statute according to such facts, though ordinarily a house is an entirety, each room being merely a constituent part of it. But it can not be said as matter of law that every hotel is a dwelling house, or that any particular room in a hotel is a dwelling house where the averment is as here a mere general description of, or rather, reference to the property as a certain hotel or a

[Arp v. The State.]

"sample room" in a particular hotel. And, of course, such "sample room" can not be affirmed from its mere designation to be a shop, store, warehouse, or other building, structure, or enclosure" in which goods, merchandise or other valuable thing is kept for use, sale or deposit. The circuit court erred in overruling demurrers to the indictment which went to the point we have been considering.

There is, we think, no merit in the other questions presented for review as they are raised on this record. If another indictment should be found, the ownership of the hotel should be laid in the lessee in possession thereof, and not, as now, in the owners of the fee.

Reversed and remanded.