CASE 66—INDICTMENT—JUNE 9.

# Mason v. Commonwealth.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. CRIMINAL LAW—BREAKING INTO STOREHOUSE—STATUTORY CON-
STRUCTION.—A small room had been partitioned off, in a cellar
under a dwelling house, and where wine was kept for the fam-
ily consumption, is not a storehouse within the meaning of
section 1164, of the Kentucky Statutes, which provides a penalty
for breaking into warehouses and storehouses.

A. P. CROCKETT FOR APPELLANT.

1. If the appellant is guilty of any offense it was punishable under
the provisions of section 1162, of the Kentucky Statutes, and not
under those of 1164.  The little room cut off as a part of the
cellar could not be considered as a storehouse, within the mean-
ing of section 1164.  Price v. Commonwealth, 15 Ky. Law Rept.,
857; White v. Commonwealth, 10 Ky. Law Rept., 422; Whal-
len v. Commonwealth, 17 Ky. Law Rept., 921.
2. Appellant can not be convicted under section 1162, of the Ken-
tucky Statutes, because he did not take away anything of value.
Duncan v. Commonwealth, 85 Ky., 614.

3. The facts and circumstances concerning the going into the cellar by the appellant show no felonious intention.

W. S. TAYLOR FOR APPELLEE.

1. A cellar under a dwelling house although under the same roof as a dwelling house may be a warehouse or storehouse. A smoke-house has been held to be a warehouse or storehouse. Mullins v. Commonwealth, 14 Ky. Law Rept., 569.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant was indicted and convicted under section 1164 Kentucky Statutes, the charge being that he feloniously broke into "the store house of Larkin Harned, to-wit: his cellar, wherein goods and property were stored, with intent to steal therefrom," and did steal a large quantity of wine, the property of Harned.

From the testimony for the Commonwealth, it appears that appellant had been, for some time, employed by Mr. Harned, was treated as one of the family, slept with one of the children, and was given wine whenever he asked for it. In the back of the cellar under the dwelling house, a little room had been partitioned off, in which were kept some six jugs of wine for family consumption. Upon the occasion in question, appellant had been to town, had returned very much under the influence of liquor, and had gone to the cellar, presumably to sober up, another employe on the same place having undertaken to do his work. He was heard singing in the cellar near the wine room; and, upon investigation, was found at the door, which had been broken open, and a pitcher of wine was found standing by the door.

The question presented for decision, if it be assumed that there was sufficient evidence of guilty intent to warrant the

conviction, is, whether the evidence sustains the charge of the indictment. The statute (section 1164) under which the indictment was drawn, provides a penalty for breaking any ware house, store house, shop, or room in a steam, wharf or other boat, etc., with intent to steal. It is insisted on behalf of the Commonwealth that, being used as a repository, the so-called wine room was a store house within the meaning of the act, although in the same building, a part of and under the same roof as the dwelling house. While we may concede that one part of a building may be a dwelling house and another part of the same building may be a store house or ware house within the meaning of section 1164, we do not think that the evidence in this case warrants the conclusions that this wine room was a store house. The cellar was under the dwelling house, part of it was used by the women of the house as a weaving room; but six jugs of wine were kept in the little room which formed a part of the cellar, and the wine was not kept for sale, but as a part of the provisions of the family. In our judgment, the room was no more a store house, within the meaning of the statute, than any pantry or closet in the upper part of the building in which provisions or clothing were stored.

The offense, if made out, would come within the purview of section 1159, as to burglary; or section 1162, providing punishment for breaking a dwelling house or any part thereof, or any outhouse belonging to or used with any dwelling house, and taking away anything of value. In Mitchell v. Commonwealth, 10 R. 910, breaking a cellar was held to be an offense under section 1162, although there

was no internal communication between the cellar and the other part of the house. So in White v. Commonwealth, 87 Ky., 454, the language used in section 1162 was construed to embrace "such structures as are ordinarily attached to and used in connection with dwelling houses;" and a tobacco barn or store house having no proper connection with the owner's dwelling was held not to be embraced thereby, but to be covered by the language used in section 1164, under which the prosecution now under consideration was instituted. So in Whalen v. Commonwealth, 17 R., 921, Judge Eastin delivering the opinion of the court said: "In the case of Price v. Commonwealth, 15 R., 837, it was held that a chicken house was an out house 'belonging to or used with' the dwelling house in the meaning of the statute; and so also, we apprehend, would be a meat house, an ice house, a coal house, and such other out buildings as usually belong to well-appointed farm houses, and as contributing to the comfort or convenience of those occupying the dwelling house as a home.   *   *   *   *."

We are of opinion, therefore, that the motion to instruct the jury to find for the defendant and to dismiss the prosecution should have been sustained. The judgment is reversed, with directions to set aside the judgment and dismiss the prosecution.