## Wilson v. Commonwealth.

(Decided March 13, 1917.)

### Appeal from McCreary Circuit Court.

1. Burglary—Locker—Breaking Into—Statute.—A locker is not a storehouse or warehouse, within the meaning of section 1164 of the Kentucky Statutes, which provides a penalty for breaking into storehouse, warehouse, etc.

2. Indictment and Information—Breaking Into Locker.—An indict- ment under section 1164, Kentucky Statutes, charging defendant with breaking into "a locker used as a storeroom," is bad on demurrer.

3. Indictment and Information—Breaking Into Locker.—The word "locker" being one of ordinary and common usage and its mean- ing well defined, an allegation in the indictment that the locker was used as a storeroom, cannot, in any way, enlarge its mean- ing.

H. M. CLINE for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, As- sistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was indicted by the grand jury of Mc-Creary county, charged with the crime of storebreaking, in that, on the 19th day of August, 1916, he unlawfully, wilfully and feloniously broke open and into a locker, used as a storeroom by Jasper Ross, and carried away from said locker shoes and other articles belonging to Ross.

Upon trial appellant was found guilty, and his punishment fixed at confinement in the state penitentiary for one year. His motion and grounds for a new trial having been overruled, and judgment entered against him in conformity with the verdict, he has appealed.

The first ground for a reversal is, that the court committed error in overruling a demurrer to the indictment. This complaint is based upon two grounds, the first of which is, that he is charged with storebreaking, a crime denounced by section 1164 of the Kentucky Statutes, but that he is alleged, in the indictment, to have broken into a "locker used as a storeroom," which is not an offense covered by the statute, which is as follows:

"If any person shall feloniously, in the night or day, break any warehouse, storehouse, office, shop, or room in a steam, wharf or other boat, whether such place be or be not a depository for goods, wares or merchandise, and whether the goods, wares and merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom or destroy any goods, wares or merchandise, or other thing of value, whether the owner or other person be or be not in such house, office, room, or shop, he shall be confined in the penitentiary not less than one nor more than five years."

The question before us, then, is whether or not a locker, used as a storeroom, is a storehouse within the contemplation of the statute. In construing this statute this court has held that a tobacco barn, stable, granary and an opera house were storehouses, or warehouses, within the meaning of this statute, but that a small room, forming part of a cellar, in which a few jugs of wine were kept for family consumption, was not. White v. Com., 87 Ky. 454; Webb v. Com., 35 S. W. 1038; Ray v. Com., 12 Bush 397; Hunter v. Com., 48 S. W. 1077; Mason v. Com., 101 Ky. 397.

It was held in the Hunter and Ray cases, *supra,* that the terms "warehouse" and "storehouse," as used in this section of the statutes, mean "any *house,* not an office, or a shop, or a room in a steam or other boat, in

which goods, wares and merchandise are usually deposited for safe keeping or for sale." In holding, in Mason v. Commonwealth, *supra,* that a small room, which was part of a cellar, in which six jugs of wine were kept, was not a storehouse, this court said:

"In our judgment, the room was no more a storehouse, within the meaning of the statute, than a pantry or closet in the upper part of the building in which provisions or clothing were stored."

The word "locker" is of ordinary and common usage, and means, as defined by Webster, "a drawer, cupboard, compartment or chest that may be closed with a lock, especially a cupboard for individual use"; and, in our judgment, a locker is no more within the meaning of this statute than a cupboard, a trunk or a bureau drawer; nor does the allegation, in the indictment, that the locker therein referred to was used as a storeroom, in any way enlarge the meaning of the word "locker," for, if such statement would make a locker a storehouse, it would also make a storehouse of a bureau drawer, to say that it was used as a storeroom, and this statute could be extended to cover a breaking of even the smallest compartment in which goods were stored. In our judgment, none of the words employed in the statute warrant such a construction, and the demurrer should have been sustained.

Wherefore, the judgment is reversed for proceedings consistent herewith.