## Blair v. Commonwealth.

(Decided October 7, 1927.)

### Appeal from Greenup Circuit Court.

1. Criminal Law—In prosecution for storehouse breaking, evidence held sufficient for jury, as against contention that defendant was entitled to peremptory instruction because of alibi.

2. Burglary.—Under Criminal Code of Practice, sec. 128, it is immaterial, in prosecution for storehouse breaking, that indictment alleged storehouse belonged to one person, whereas proof actually showed that it belonged to another, but had been rented to first person named in indictment for number of years.

3. Criminal Law—In prosecution for storehouse breaking, error in admitting testimony of owner as to store having been broken in at different times before date alleged held not prejudicial; there being no evidence to show defendant had anything to do with such previous breakings.

4. Burglary.—In prosecution for storehouse breaking, admitting evidence as to stolen sorghum being found near articles taken from storehouse held not erroneous, in that such circumstance was so interwoven with finding of stolen merchandise that it could not feasibly have been separated therefrom.

5. Criminal Law.—In prosecution for storehouse breaking, instruction referring to facts and circumstances proven in evidence held not erroneous, as emphasizing that conviction could be had on circumstantial evidence.

6. Criminal Law.—In prosecution for storehouse breaking, instruction referring to defendants on trial and to others charged with same offense and referring to defendants or either of them held not erroneous, as authorizing conviction of defendant on belief that only others mentioned who were not on trial did breaking.

J. F. STEWART for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

On a Friday night in October, 1925, the country store of John W. Campbell was broken into and a lot of merchandise stolen therefrom. Among other things a quantity of Star chewing tobacco, some chewing gum, and some tan shoes were stolen. On this same night some sorghum was stolen from a farmer who lived near this store of John W. Campbell. On the following morning two automobiles were found about a mile from the store and in some thickets near by were found the articles of merchandise which had been stolen from the store. On the floor of the automobile was found a quantity of spilled sorghum and in the thickets where Campbell's merchandise was found several buckets of sorghum were also found. Scattered along from the automobile to the place where the stolen merchandise was discovered were wrappers from chewing gum. A plug of Star tobacco was found in one of the automobiles. The tracks of two automobiles were also found near the store of John W. Campbell. Early on Saturday morning Ollie Salyers, who lived near where the automobiles were parked, saw four men pass his home, going from the direction of the abandoned cars. He positively identified the appellant as one of these four men and testified that the appellant at that time had on a soldier's overcoat and a pair of light tan shoes that appeared to be new. On Sunday morning the appellant, Harve Douglas, and Paul Johnson were seen approaching the abandoned automobiles with a can of gasoline.

The record does not state what became of Paul Johnson, but the appellant and Douglas were first questioned and then arrested on the charge of breaking into Campbell's store on the preceding Friday night. The appellant admitted that he had purchased the gasoline these boys had with his funds, and that he had come with Douglas and Johnson for the abandoned car. It is admitted that Campbell on this Sunday morning was offered money belonging to the appellant to pay for the articles which had been stolen and were missing. The commonwealth's testimony is to the effect that the appellant offered to pay for them himself; but that of the appellant is to the effect that he offered to lend his money to his companions for them to use in paying. The appellant denied having been in the cars on the night of the

breaking and denied that he had stolen any of Campbell's merchandise. He claimed that on that Friday night he was staying at a place called Princess many miles away from the scene of the breaking with his sister in her home and that he had slept there all night. He is corroborated in this by the testimony of his father, two sisters and brother-in-law. He admitted that he owned a soldier's overcoat, but claimed that he purchased it some time after the date of the robbery. He also admitted that he had a new pair of light tan shoes, but claimed that he had bought these prior to the date of the robbery. His explanation of why he came for the car was that Johnson had come to his home on the Sunday morning in question and informed him that a Dr. Bailey, who was not introduced to testify, had employed him (Johnson) to go after an automobile and had agreed to pay him $10 for the trip, and that Johnson employed the appellant and Douglas to go with him and agreed to pay each of them $2.50 for their services. The appellant lived some 12 or 13 miles away from where the automobile was stalled, and the boys started to walk to the place where the automobile was, but received a lift on the way. The appellant and Harve Douglas were tried for the offense of storehouse breaking and both convicted. Appellant alone appeals.

His first ground for reversal is that he was entitled to a peremptory instruction on the theory that the evidence of his alibi demonstrated that he had nothing to do with this robbery. The evidence that we have set out above, however, made this a case for the jury. It had a right to disbelieve the defendant's testimony and to take that of the commonwealth as true, and, if it accepted the testimony of the commonwealth, appellant's guilt was abundantly established. He also urges that he was entitled to this peremptory instruction, because the indictment averred that the storehouse which was broken into belonged to John W. Campbell, whereas the proof actually showed that the building was owned by Calvin Howell. However, the proof showed that Campbell had for a number of years leased this building from Howell for the purpose of conducting his store there and that he was so conducting it when it was broken into. There is no merit in this contention of the appellant. Criminal Code, section 128.

It is next contended that the court erred in permitting Campbell to testify that his store had been broken into several times before the night here in question. This testimony should not have been admitted, but its admission was not prejudicial. There was no evidence to show that appellant had anything to do with these prior breakings and they were only referred to once. This testimony could have had no effect on the outcome of this case.

It is also complained that it was error to admit evidence about the stolen sorghum. However, this was so interwoven with the finding of the stolen merchandise that it would not have been feasible to have separated and excluded it. Under the circumstances, its admission was warranted. See McQueen v. Commonwealth, 196 Ky. 227, 244 S. W. 681.

Appellant next complains of the instructions and particularly that part of them which reads:

"If you shall find and believe from all the facts and circumstances proven in evidence beyond a reasonable doubt."

He insists that it was error to refer to "the facts and circumstances," since such reference emphasized the idea that the jury could and should convict appellant on the circumstantial evidence in this case. This precise question was carefully considered by this court in the case of Kelly v. Commonwealth, 204 Ky. 718, 265 S. W. 285, and there resolved against the present contention of the appellant. It is said that the instruction on aiding and abetting did not require the jury to believe the facts on which it might base a conviction "beyond a reasonable doubt," but appellant is in error about this, as we have read this instruction very carefully and it certainly embodies the idea which the appellant is now insisting upon. Instruction No. 1, in part, reads: "The court instructs the jury that, if you shall find and believe from all the facts and circumstances proven in evidence beyond a reasonable doubt that the defendants George Blair and Harve Douglas, alone on trial, or that they and Paul Johnson and Clarke Davidson, or either of them, codefendants in the indictment herein, but not now on trial," did the breaking, that then it should find the defendants Blair and Douglas guilty. Appellant argues that the expression "or either of them," in that part of the instruction which we have quoted, applies to any one of the

four accused men, and that, if it does, then this instruction warranted the conviction of Blair and Douglas, although the jury might have believed that only Johnson or Davidson did the breaking.   While the instruction is not as clear as it might have been, yet when carefully read it does not warrant the construction which appeallant seeks to put upon it.   The expression "either of them" fairly refers only to Johnson or Davidson, and hence the jury could not have found Blair or Douglas guilty unless they believed that Blair and Douglas did the breaking, or that they along with Johnson and Davidson, or one of these latter two, did the breaking.

These are all the errors complained of, and none of them being sufficient to warrant a reversal, the judgment of the lower court is affirmed.