## Tackett v. Commonwealth.

(Decided Sept. 30, 1932.)

WILLIAM DINGUS and OSCAR P. BOND for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On October 25, 1931, William Green Tackett killed his brother, Sherman Tackett. Appellant and his brother lived on a branch of Jack's creek in Floyd county in houses about fifty feet apart, and the homicide occurred on the road in front of Sherman Tackett's home.

The grand jury of Floyd county returned an indictment against appellant, his wife, Lena Tackett, and his son, Perry Tackett, charging them with the murder of Sherman Tackett, and on their trial all of them were convicted and the punishment of each was fixed at life imprisonment. They filed a motion and grounds for a new trial which the court sustained as to Lena Tackett and Perry Tackett and overruled as to William Green Tackett, and he has appealed.

He seeks a reversal of the judgment on two grounds: (1) The court erred in permitting the commonwealth to introduce incompetent and prejudicial evidence; and (2) the verdict of the jury is not sustained by the evidence.

The appellant killed his brother by striking him on the head with a hoe, fracturing and crushing his skull. The evidence shows that the deceased was struck at least nine times, and that all the wounds were on the back of his head. He lived several hours after the assault, but never regained consciousness. He was taken to a hospital, and Dr. Stumbo, a surgeon, removed eleven large and several small bones from his skull. Bud Johnson was present when this operation was performed, and on the trial he was introduced as a witness by the commonwealth, and asked to describe

the wounds on deceased's head. Dr. Stumbo also described the wounds. It is mildly suggested that Johnson's testimony concerning the nature of the wounds was not competent, since he is not a physician, but there is no merit in this contention, as he merely testified to physical facts observed by him.

While he was on the witness stand, he was shown a glass jar containing several pieces of bone which he identified as the pieces removed from Sherman Tackett's skull by Dr. Stumbo. It is strenuously insisted that this evidence was incompetent and highly prejudicial, but a careful examination of the record discloses that no objection was interposed, and no motion was made to exclude it from the jury. However, had seasonable objection been made, it would have been of no avail. Similar evidence was held to be competent in the recent case of Robey v. Commonwealth, 243 Ky. 407, 48 S. W. (2d) 822, on the ground that it enabled the jury to determine the force used by the accused.

The contention that the evidence was not sufficient to take the case to the jury and does not sustain the verdict necessitates a brief statement of the facts. Shortly before the homicide, a nephew of appellant's wife, Lena Tackett, had been tried in a neighboring county for the murder of a nephew of deceased and appellant. Lena Tackett's sympathies were with her nephew in that case, and her son, Perry Tackett, testified as a witness in his behalf. The deceased was present at the trial, and assisted in the prosecution of the case. Bad feeling was apparently engendered between the two families as a result of that trial. On the day of the homicide, and about two hours before it occurred, deceased and his wife went to appellant's home to obtain some tool which the deceased claimed belonged to him. The two brothers quarreled, but no blows were struck. Later in the afternoon Perry Tackett and a younger brother passed along the road in front of deceased's home, and were accosted by the latter. Something was said in regard to the trial in which Perry Tackett had been a witness. Appellant, who was on the hillside just back of deceased's home, claimed that his brother was about to attack Perry Tackett and that he went to his rescue. He testified that his brother attacked him with a knife, and that he then picked up a hoe and struck the deceased. He is supported by one or two members of his family, but,

according to the testimony for the commonwealth, he struck the deceased on the back of the head with a hoe at a time when the latter was unaware of his presence. No knife was found at the scene of the homicide, and it is improbable that deceased was struck on the back of the head while advancing toward appellant.

Ed Dalton testified that he was about fifty feet away, and that he saw appellant walk through the yard and strike his brother on the head with a hoe, and that Sherman Tackett was standing with his back to appellant. The first blow knocked Sherman Tackett to the ground, and appellant continued to strike him. Mrs. Sherman Tackett ran out of the house into the yard, and appellant struck her with the hoe and knocked her down. He then turned and struck his brother several more blows with the hoe. Ida Mosley and Luke Tackett, a brother of appellant and deceased, testified to substantially the same facts.

The jury was authorized under the evidence in concluding that appellant killed his brother without a justifiable excuse.

Judgment affirmed.