## HOCKER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 11, 1953.

Robert M. Spragens, Lebanon, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

George Hocker was sentenced to five years in prison for killing Sam Haggard with a pistol. On this appeal he insists he is entitled to a new trial because of the injection of evidence into the case tending to prove him guilty of a crime other than the one for which he was being tried.

Both of the parties were colored. Hocker is a small man, 60 years of age, who said he was in poor health. Haggard was a large man, some 36 years of age. The shooting took place around 6 o'clock at night. During the afternoon preceding the shooting, Haggard and several others were in Hocker's home listening to a football game over the radio. After the game every one left but Hocker. A little later Haggard returned with a pint of wine which he and Hocker drank. Haggard carried in a couple of buckets of coal for Hocker for which he was paid 50 cents. An argument ensued and Haggard got Hocker down on the bed, choking him. Hocker got his pistol out from under the pillow. He said Haggard, who was some eight or ten feet from him toward the door, turned and came back toward him saying he was going to take both his pistol and his money. He then shot Haggard. There were no eyewitnesses other than Hocker.

Two police officers testified they found a large number of empty whiskey bottles in Hocker's home and that they smelled like they had had moonshine in them. On cross examination Hocker was asked why he did not drink some of the moonshine. Other questions relating to moonshine whiskey were asked, even though the judge had previously ruled that this type of evidence was incompetent. There was no occasion for the injection of the moonshine whiskey question into the case. The judge properly gave a strong admonition on the question. It follows:

"This type of testimony—the purpose of it would be prejudicial to the defendant. Don't permit any reference to these bottles of whiskey that he had there for any illegal purpose to influence your verdict in this case. The defendant is being tried upon a murder charge, and you will not permit any influence that might be drawn from this examination about the bottles to influence your verdict."

A motion to discharge the jury was overruled.

We think the admonition given by the judge was sufficient when we consider the light sentence imposed upon Hocker. He

said that, after the first encounter, Haggard started toward the door and was some eight or ten feet away (though advancing toward him) when he fired the fatal shot. The jury could well have believed Hocker used more force than was necessary to protect himself at that time.

Judgment affirmed.