## DANIELS v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 18, 1954.

A. J. Jolly, Newport, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart Asst. Atty. Gen., Wm. J. Wise, Commonwealth's Atty., Newport, for appellee.

CAMMACK, Justice.

Robert Daniels was convicted of storehouse breaking and sentenced to three years in prison. He seeks a reversal on the ground that the court allowed evidence to be introduced which was prejudicial to his substantial rights.

Robert Daniels and Henry Eichler were jointly indicted on three separate offenses of breaking and entering storehouses. Eichler pleaded guilty to all three indictments. Daniels pleaded not guilty to the three indictments. The Commonwealth elected to try Daniels for the breaking and entering of the drugstore of Loretta Widrig.

The evidence discloses that on August 3, 1953, between the hours of 3:30 and 4:30 a.m., three drugstores in the city of Newport were broken into by two men who were driving a green Oldsmobile bearing Kentucky license number 124479. The first store broken into was owned by Elmer Glazier, the second by Walter Froeba and the third by Loretta Widrig. Fifteen minutes after the breakin of Loretta Widrig's drugstore, the Newport police arrested Robert Daniels and Henry Eichler in a green Oldsmobile bearing Kentucky license number 124479. A search of the automobile revealed two decks of playing cards which

bore a marking of Loretta Widrig's store. A search of Henry Eichler's person revealed some old coins with distinct markings upon them, which Loretta Widrig identified as coming from her cash register. A search of Daniels' person revealed $80 in bills and a pair of gloves.

Daniels' testimony is to the effect that he and his wife went to a tavern and drank intoxicating beverages until the tavern closed. After the tavern closed Daniels took his wife home, but feeling the need of a drink he returned to the tavern and tried to get in. Upon being refused admittance, he drove down Eighth Street and picked up Eichler. It was then about 3:30 a.m. Daniels denied that he was at Widrig's drugstore, but said he knew that Eichler broke into it. Daniels' explanation of how the playing cards got in his car was that he bought them at the Widrig drugstore. He further said that, due to his drunken condition, he remembered very little after picking up Eichler until the police arrested him at about 4:45 a.m.

The Commonwealth introduced Elmer Glazier, owner of the Glazier Drugstore, who said that he was awakened by the burglar alarm. When he went to the window he saw two men drive away from the drugstore in a green Oldsmobile. William Hook said that he was standing across the street in the door of a garage and saw two men drive away from the Glazier Drugstore in a green Oldsmobile bearing a Kentucky license number 124479. He said also that he called the police and gave them the color of the car and the license number. Pat Ciafardini, a detective on the Newport police force, investigated the break ins of Glazier's and Froeba's drugstores. He said he received information that two men, driving a green Oldsmobile bearing Kentucky license number 124479, were seen leaving the vicinity of each drugstore.

The Commonwealth next introduced William Schoepf, a Newport detective, who gave the following testimony:

"Q. Say what information you received, if any, with regard to an automobile used by the person or persons who broke the door.

"Mr. Jolly: I object; it would be hearsay.

"The Court: I think that he can say generally he received information that a person, or more than one person, attempted to break in.

"Mr. Jolly: I except.

"A. We received information that it was the same Oldsmobile with Campbell County license 124479. We also received information it was Bob Daniels.

"Mr. Jolly: I object to that.

"The Court: That seems to violate the hearsay rule unless somebody was on the scene to identify one of the occupants as the defendant. How did you receive the information?

"The Witness: He saw him come out. The person that witnessed him come out.

"Mr. Jolly: I move to exclude that.

"The Court: The motion is well taken and it is sustained. The statement of Officer Schoepf that he had information one of the occupants of the car was Daniels, the defendant involved in this case, is hearsay and the jury must not consider it as evidence."

Daniels objected also to the testimony of Officer Cate, who said that someone told him a green Oldsmobile bearing Kentucky license number 124479 left the Glazier Drugstore shortly after the burglar alarm sounded.

Daniels contends that the court erred in permitting the two officers to go far beyond a mere showing that the subsequent arrest was based on information supplied them, and since no one identified him as a person seen at either of the two stores it was error to allow the officers to testify as to his identity and his connection with the two break ins by relating what someone told them.

The crux of Daniels' contention is that, if the police officers had not been allowed to testify that someone told them they recognized him at the scene of the robberies, there would not have been sufficient evidence to identify him as one of the persons who robbed the Widrig Drugstore. It is said in Roberson's New Kentucky Criminal Law and Procedure, section 1794, that:

"* * * Thus evidence of other crimes is competent, when it tends to establish identity, or guilty knowledge, or intent or motive for the commission of the crime under trial, or malice, or when other offenses are so connected or interwoven with the one being tried that they can not well be separated from it in the introduction of relevant testimony, * * *."

The question is, Was the police officers' testimony hearsay, and, if so, was it prejudicial? Daniels concedes that an officer may testify generally that he received information upon which an arrest was made, but he insists that he can not testify in detail concerning that information in order to establish the fact asserted.

In summing up the evidence we find that all three robberies were committed within about one hour; that two witnesses saw the Daniels car with two men in it drive away from Glazier's Drugstore; that Daniels and Eichler were arrested in the former's car 15 minutes after the robbery of Widrig's Drugstore; that some old coins were found on Eichler's person which belonged to Loretta Widrig; and that some playing cards were found in Daniels' car which came from Widrig's Drugstore. Although this evidence is circumstantial, it is sufficient to establish the identity of Daniels.

The testimony of the officers to the effect that someone told them he recognized Bob Daniels was hearsay, and, as such, it was not admissible. When this evidence was introduced Daniels asked the court to give an admonition to the jury not to consider it for any purpose, which the court did. Daniels then asked for the setting aside of the swearing of the jury, because he contended this evidence was highly prejudicial. It was error to allow this hearsay testimony to be introduced; however, when we view the admonition given by the court, we have no hesitancy in saying that it was not substantially prejudicial to Daniels. When it appears from an examination of the record that no substantial errors were made; such as would be calculated to prevent the accused from having substantial justice meted out to him, the judgment will be affirmed. Gordon v. Commonwealth, 136 Ky. 508, 124 S.W. 806; Criminal Code of Practice, § 340. It is our conclusion that the error toward which complaint is directed was not substantially prejudicial to Daniels' rights.

Judgment affirmed.