**Mort HOLLON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1959.

O. J. Cockrell, Jackson, E. B. Rose, Beattyville, Vernon Faulkner, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

The appellant was indicted for the wilful murder of Eveadna Campbell Conway. The trial resulted in a conviction for voluntary manslaughter and a sentence of imprisonment for twenty-one years. Appellant admitted the homicide and attempted to justify it as self-defense. On this appeal prejudicial error is claimed to have been committed in the admission of certain evidence and a part of the argument of the Commonwealth's Attorney.

The immediate events leading up to this tragedy began on the afternoon of May 10, 1957. The appellant was to have taken the deceased to Hazard about 1:00 P.M. When he arrived, about 2:00 P.M., at the house occupied by Eveadna, her two children and her mother, he learned that Eveadna had

gone to Hazard with a female companion. Appellant drove to Hazard, and, failing to find Eveadna there, returned to the Campbell home about 6:00 P.M. The evidence from this point on is in conflict. According to his testimony he simply asked if Eveadna was home, and, upon being told that she was not there, he drove to his place and did not come back until 11:30 P.M.

The mother, Mrs. Campbell, stated that the appellant came to the Campbell home twice before he finally returned at 9:40 P.M. to find the deceased there. On each of these visits he spoke and acted in an angry manner, once stated that Eveadna was out "whore-hoppin' around," and later said it would be too bad for her when he caught up with her. Further the mother testified that when the appellant was told at about 9:40 P.M. the deceased had returned he demanded in vulgar language that Eveadna come out to his car, and began beating her in the face and slapping her with his hands. After much abusive language, he began to beat the deceased about the head with his pistol when she started to accompany him to get some beer, and she freed herself and ran into the house. The appellant followed her and when the mother tried to stop him he cocked his pistol and told her to get out of the way or he would kill her. The appellant then shot and killed Eveadna.

On the other hand, appellant contended that he fired his pistol in his own defense, basing his claim on the discovery of another pistol underneath the deceased's body, which pistol, he says, was first fired at him, the bullet lodging in his shoulder. Then he is supposed to have returned fire, killing Eveadna.

■ The first error urged by appellant is the admission of evidence tending to show there had existed for some four years an illicit and adulterous relationship between deceased and appellant, and that there had been an illegitimate child born of this relationship. It is urged that such evidence was not relevant in determining guilt or innocence of the offense charged, but was introduced to inflame and prejudice the jury.

That the relationship between the defendant and the deceased was adulterous; that it existed for some four years and continued to the time of the homicide; and that it might arouse a jealous rage in the defendant, as evidenced by a stated belief that the deceased was seeking the companionship of other men, and the uttering of threats against her, were relevant factors for the consideration of the jury in deciding whether the crime of wilful murder, or some lesser offense, or none, had been committed. A long line of decisions sustains the competence of this evidence. We deem it unnecessary to cite more than Johnson v. Commonwealth, 217 Ky. 565, 290 S.W. 325; Weber v. Commonwealth, 303 Ky. 56, 196 S.W.2d 465; Taylor v. Commonwealth, 266 Ky. 325, 98 S.W.2d 928; Manz v. Commonwealth, Ky., 257 S.W.2d 581.

■ Appellant further argues that certain testimony of the sheriff and coroner concerning hair found near the scene of the crime was prejudcial and not corrected by an admonition to the jury. Apparently, the Commonwealth brought out testimony concerning the hair to give evidence of the beating received by deceased prior to the killing. When the coroner was finally asked to display the hair and refer to it, the defense moved to set aside the swearing of the jury. This motion was overruled, but the court gave a full admonition to the jury explaining that there had been nothing presented to connect this hair with that of the deceased. The witness later held up the hair, the court voicing disapproval while again overruling a motion to set aside the swearing of the jury. Upon reviewing the admonition of the court, we believe that any errors committed here were corrected by the court's action. Code Cr.Prac. § 340; Daniels v. Commonwealth, Ky., 269 S.W.2d 705; Hocker v. Commonwealth, Ky., 262 S.W.2d 824; Vanover v. Commonwealth, Ky., 237 S.W.2d 539.

■■ Further error is alleged in testimony of the sheriff that the pistol found beneath deceased's body had not been recently fired. It is contended the sheriff was not an expert and his testimony was unreliable. However, at the outset the court carefully questioned the sheriff on this point, establishing he had been a peace officer over twenty years, during which time he had on numerous occasions examined firearms. When a witness is shown to have knowledge of a distinctive odor, he may testify to information acquired through his sense of smell. See 23 C.J.S. Criminal Law § 873. Since the sheriff had been qualified by the court and could legitimately testify as to what he had smelled, his testimony that the pistol had not been recently fired was admissible.

■ The coroner further testified as to his examination of deceased's body, saying the skull "was 'busted'. The second wall was." Appellant complains that this was error since the coroner was not a doctor and so was not qualified to give medical testimony. This contention is also without merit since services of an expert were not required here, the witness merely describing a physical condition apparent to any observer. Commonwealth v. Sullivan, 285 Ky. 477, 148 S.W.2d 343; Tackett v. Commonwealth, 245 Ky. 98, 53 S.W.2d 218.

■■ During the closing argument the Commonwealth's Attorney inferred that appellant refused to have the bullet removed from his chest because it could have been used to identify the weapon from which it was fired. The appellant claims this was done only to prejudice him before the jury, and that there had been no proof offered upon which to base this insinuation. However, appellant admitted that the bullet had not been removed, and the doctor who treated him testified the removal could have been accomplished with little trouble and without endangering the physical welfare of the patient. The Commonwealth's Attorney did not draw an unreasonable inference by arguing that appellant feared a ballistics test showing the bullet not to have been fired from the pistol found underneath deceased's body. Where there is some evidence before the court from which facts stated by counsel in argument can be reasonably inferred, he is justified in making such inferences even though the evidence by which they are sought to be maintained is not strong or clear. Cox v. Commonwealth, Ky., 118 S.W. 282; Fields v. Commonwealth, 275 Ky. 136, 120 S.W.2d 1021; 53 Am.Jur., Trial, sec. 485.

The judgment is affirmed.