# CARROLL SYLVESTER ARNOLD *v.* STATE OF MARYLAND

[No. 294, September Term, 1968.]

*Decided May 6, 1969.*

The cause was argued before MURPHY, C.J., and MORTON, ORTH, and THOMPSON, JJ.

*Graydon S. McKee, III,* for appellant.

*John J. Garrity, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's*

2

County, and *J. Randolph Miles, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Carroll Sylvester Arnold, the appellant, was observed during nighttime hours in front of an apartment house in the possession of a tire valued at $15.00, that had been stolen from a storage bin in the basement of the apartment building. He was convicted of breaking a storehouse and stealing goods of the value of more than $5.00 by a jury in the Circuit Court for Prince George's County. He contends on appeal the evidence was insufficient to support his conviction.

He argues first that the storage bin, being located in the basement of the apartment house, was a part of the dwelling of the owner of the tire, and was not, therefore, a storehouse within the meaning of Section 33 of Md. Code, Art. 27, implying, of course, that he should have been convicted, if at all, of burglary under Section 30 of Md. Code, Art. 27. We think that this part of his argument is without merit. He relies on *Mason v. Commonwealth,* 101 Ky. 397, 41 S. W. 305 (1897), but in that case the Kentucky Court held that the basement of a single family private dwelling was a part of the dwelling house and not a storehouse, whereas the problem presented here is whether or not the basement of an apartment building, in which several families reside, is a part of each family's dwelling when a portion thereof is set aside as storage space for each tenant.

In *State v. Clark,* 89 Mo. 423, 1 S. W. 332 (1886), the basement of a building which was occupied by several families as a residence was held to be a storehouse and not a dwelling. In *Poff v. State,* 4 Md. App. 186, 241 A. 2d 898 we held that a vacant apartment which was used simply by the owners as a place in which to keep furniture pending rental was a storehouse and not a dwelling. In *Jones v. State,* 2 Md. App. 356, 234 A. 2d 625 we affirmed a conviction for storehouse breaking

(Section 32, Md. Code, Art. 27) of part of a building which was used for a club, while another part of the building was used as an apartment by a tenant of the club. These rulings seem to be in accordance with the authorities, i.e., where the area broken into cannot be considered as an immediate part of the residence of the *owner* of the building. Clark and Marshall, *Law of Crime* § 13.01; Perkins, *Criminal Law*, Ch. 3 § 1, 2 Wharton *Criminal Law and Procedure* § 425 (Anderson Edition). See also *Thomas v. State*, 97 Ala. 3, 12 So. 409 (1893) and *Hahn v. State*, 83 N.W. 674 (Neb. 1900). We think the distinction is sound. The law of burglary was developed for the purpose of protecting the habitation, and although it extended to the house and to the immediate curtilage, it did not extend to barns which were nearby but not within the immediate curtilage. A storage bin in the basement of a modern day apartment house can be a considerable distance from the apartment occupied by the lessee who uses a particular bin. We hold that the basement of an apartment house, not occupied by the owner, is a storehouse and not a dwelling.

The second prong of the appellant's argument that the evidence was insufficient does have merit. It is a basic concept that in order to be guilty of burglary or storehouse breaking an intruder need not break an outer door of a building if he breaks an inner door to a room in the building as opposed to a storage chest which forms no part of the real estate. The bin was described in the testimony only as being small with a 2 by 4 frame surrounded by chicken wire, with locks on the door. Counsel and witnesses referred to the bins, variously, as bins, compartments, or lockers. It is impossible to tell from the record whether the bins would constitute rooms of the basement or merely storage chests. Since the law seems to be established as we have stated it the case must be reversed. There was no evidence that the outer doors of the basement were tampered with or that they were closed prior to the entry. See *Reagan* and *Edwards v. State*, 6 Md. App. 477.

4

In the works of Perkins *Criminal Law,* Ch. 3, § 1:

"The breaking is not limited to an outside door or window. If the outside door is open but the felonious design requires entrance into a part of the building which is closed, the making of an opening into that part of the house is a breaking. The opening of a gate in a wall which surrounds the house, however high the wall may be, is not enough, although an occasional reference has confused breaking into the curtilage of a house with the ancient crime of breaking into a walled city. Nor will the opening of a trunk, box or piece of furniture within the building meet the requirement. Some part of the building itself must be opened. The opening of a cupboard door or drawer has been a useful testing point for the law in this regard. If the cupboard is an article of furniture within the building the opening of the door or drawer is not a breaking within the burglary meaning, but it is otherwise if the cupboard is a built-in part of the very building itself. The fact that an article of furniture is fastened to the wall, or the floor, will not necessarily make it a 'part of the building.' This will depend upon the facts of the particular case."

In Clark & Marshall *Law of Crimes* the rule is similarly stated:

"Not only must there be a breaking, but it must be of some part of the house itself. It is not burglary to break through an outside gate or fence which forms no part of the house, and then enter the house through an open door or window. Nor is it burglary to enter a house without breaking, and then break something in the house which forms no part of it, as a trunk, or a chest, or a cupboard; and it can make no difference, in such a case, that the chest or cupboard is fixed in the wall."

The cases collected in 78 ALR 2d 781 make clear that an area can be a part of the real estate even though it be constructed of very flimsy materials, but it is, of course, incumbent on the prosecutor to produce sufficient evidence from which such a determination can be made.

Although Arnold argues other points concerning the sufficiency of the evidence, we deem them frivolous and will not discuss them.

*Judgment reversed and case remanded for a new trial.*