CASE 35—INDICTMENT—APRIL 26.

## Johnson v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

IN AN INDICTMENT FOR HOUSE-BREAKING it is not material that the owner of the house broken, or of the property taken, should be described in the indictment with any more precision or certainty than is necessary to inform the accused of the actual offense charged against him, and to bar a second conviction therefor.

In this case the indictment sufficiently describes the house broken, although the person named as the owner of it was not the sole or the actual owner of it, being in possession merely as tenant, and that jointly with another. And the distinct offense of stealing therefrom being charged and proved, it is not material whether the person named in the indictment as the owner of the stolen goods owned all or any of them.

WALKER & KINNEY FOR APPELLANT.

Under an indictment charging that the accused broke and entered, with intent to steal therefrom, a house in the possession of " W," there can be no conviction where the proof shows that the house was in the joint possession of W & C.

P. W. HARDIN FOR APPELLEE.

The variance between the allegations in the indictment and the proof is not material. (Criminal Code, section 128; 5 Bush, 377.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case charges the accused with the crime of house-breaking, committed by forcibly and

feloniously, in the night-time, breaking and entering the barber shop of Philip White, with intent to commit a larceny, and then and there feloniously taking and carrying away one hone, razors, one clipping machine, and one pistol, the property of said White, with the fraudulent intent to convert said goods to his own use, and permanently deprive said White of his property therein. But the evidence showed the shop broken was, at the time of the alleged offense, leased and occupied not by White alone, but jointly with one Gatlin, his partner, and that the property stolen consisted of certain articles not described, a key to the back door of the shop and a pistol owned by one Smith ; and it is, therefore, contended the lower court erred to the prejudice of the substantial rights of appellant in overruling his motion for a peremptory instruction to the jury to render a verdict of not guilty.

Section 128, Criminal Code, is as follows: "If an offense involves the commission of, or an attempt to commit, an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, or as to the owner of the property taken, or injured or attempted to be injured, is not material."

Two distinct offenses are charged in the indictment and sustained by the proof, each of which is a felony ; first, forcibly breaking the barber shop with intent to commit larceny ; and second, actually stealing and carrying away therefrom goods, with intent to con vert them to the use of the accused.

The prosecution and conviction of a person guilty

of house-breaking is not to compensate or afford redress to the owner of the house broken, or of the goods stolen therefrom, but to inflict punishment for the public offenses thus committed. It is, therefore, material that the owner of the property injured or taken should be described in the indictment with no more precision or certainty than necessary to inform the accused of the actual offense charged against him, and to bar a second conviction therefor.

It seems to us the indictment in this case sufficiently described the house broken by appellant, although White was not, as charged, the sole or actual owner of it, but in possession only as tenant jointly with his partner; and the act of stealing therefrom being charged and proved, it is not material whether White owned all or any of the goods stolen by appellant.

Judgment affirmed.