CASE 78.—ACTION ON A PROMISSORY NOTE INVOLVING LEVY OF ATTACH-
MENT ON REAL ESTATE.—MAY 24.

# Price v. Taylor & Others.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT DISTRIBUTING PROCEEDS OF ATTACHED PROPERTY AND PLAIN-
TIFF APPEALS. AFFIRMED.

ATTACHMENT—VALIDITY OF LEVY—DESCRIPTION OF REAL ESTATE—
TRIAL—OBJECTION—TIME.

Held: 1. Under Civ. Code Prac., sec. 217, requiring that the sheriff's return on an attachment shall describe real property attached with sufficient certainty to identify it, a return that the attach- ment has been levied on defendant's interest in the estate of T., deceased, conveyed in trust to L. by a certain deed, creates no lien on defendant's interest in the land conveyed, even if the return and deed be construed together, as the deed contains no description of the land; and an amended petition describing that part of the land allotted to defendant after the levy gives no validity to the levy.

2. As the levy created no lien, the court could disregard it at any stage of the proceedings, and so it is immaterial that there was no objection to its validity until after submission.

L. J. CRAWFORD AND R. P. ERNEST, ATTORNEYS FOR APPELLANT.

SIMMONS & BAILEY FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The issue on this appeal is between the appellant, Frances Price, and the Nashville Trust Company. The appellant claims a lien upon the property under an order of attachment. The Nashville Trust Company claims one by a mortgage which was executed after the attachment was levied. The pleadings which were filed by the Nashville Trust Company are not here, so we are not advised by the record as to the averments in its answer and counterclaim. If the attachment created a lien upon the property upon which the mortgage was executed, of course it would be superior to that of the appellant. This must be determined by the return which the sheriff made upon the order of attachment, which is as follows: "Executed the within attachment this 27th day of April, 1894, on Wm. H. Harton, trustee of the estate of Col. James Taylor, deceased, by delivering him a copy thereof; and at the same time levied upon all the right, title and interest of Maggie P. Taylor in and to the estate of Col. James Taylor, deceased, conveyed in trust to Wm. H. Lape by said Col. James Taylor by deed of date July 5, 1882, and recorded in Deed Book No. 31, page 87, etc., Campbell County Records, at Newport, Ky., excepting therefrom such estate as has since been conveyed by such trustee or his successors." Section 217, Civil Code of Practice, is as follows: "The sheriff sha'l return upon every order of attachment what he has done under it. The return must show the property attached, when it was attached, and the disposition made of it. If garnishees be summoned, their

names and the time when each was summoned must be
stated.     And if real property be attached, the sher-
iff 'shall describe it with sufficient certainty to
identify it, and, if he can do so, he shall refer to the deed
or title under which the defendant holds it.     He shall
return, with the order, all bonds taken under it." The
deed of trust which Col. James Taylor made to W. H.
Lape does not describe any real estate which he owned
situated in the State of Kentucky,—not even stating the
county in which it is situated.    So the deed of trust and
return can be construed together, and still there is abso-
lutely no identification of the property upon which the
sheriff says he levied the attachment.    If he had made
a return that he had levied an attachment upon the in-
terest of Maggie P. Taylor on certain property, describing
it, although the return did not show the interest she had
in it, it would be valid.    Humphrey's Ex'r v. Wade, 84
Ky., 391, [1 S. W., 648.]    Although the description of the
land in the sheriff's indorsement of the levy be general, it
is valid, provided it is sufficient to identify the property.
In White v. O'Bannon, 86 Ky., 93, [5 S. W., 346], the court
held that a return as follows: "One hundred and forty
acres of land near Eminence, Henry county, the property
of defendants,"—was sufficient. In that case the quantity of
land was described, its proximity to a city and the county
in which it was situated, named.    The return in this case,
as we have said, gives no description of the property, nor
of its location.    In fact it does not state it was situated
in Campbell county.    At the time the attachment was
levied there was a suit pending in the Campbell Circuit
Court to partition the land embraced in the deed of trust
of Taylor to Lape.    After it had been made under the
orders in that case, an amended petition was filed in this

case giving a description of the land assigned to Maggie P. Taylor. If the return of the sheriff had been sufficient to create a lien upon her interest in the estate, it would follow that part assigned to her in the partition proceedings. The trouble in this case, in our opinion, is, no such lien was created by reason of the failure of the sheriff to give any description of the property.

It is urged that the appellee could not make objections to the validity of the levy after the submission of the case. This might be true as to some defective proceedings in a suit wherein an attachment had been obtained.

The rule, however, could not apply to a case of this kind, because, if no lien was created upon the property by the return which the sheriff made, then the court could disregard it in any stage of the proceedings. The judgment is affirmed.