## Bean et al. v. Commonwealth.

(Decided May 10, 1929.)

DANIEL W. DAVIES for appellants.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellants, Allen Bean, John T. Minter, indicted as T. J. Smith, and Steve Payne were indicted, tried, and

convicted in the Campbell circuit court for the crime of breaking into the storehouse of another with intent to steal. The punishment of each was fixed at confinement in the penitentiary for a period of two years.

Hillman Allen, the owner of the storehouse in question, owns a house in Newport, Ky., located upon a lot approximately 30 feet in width. On the rear of the lot is a garage. At the time the alleged offense occurred, Allen had stored in the garage picks, shovels, hoes, hatchets, and other tools, and doors and windows to be used in the construction of a house on another lot. The value of this property was approximately $500. Allen had also stored in this garage 25 gallons of moonshine whisky.

On the evening of October 3, 1928, the garage was broken into and the 25 gallons of whisky was stolen. Allen, who was standing on the street some distance away, and two or three other witnesses, saw appellants enter the garage and remove the liquor. They forced the lock on the garage with a heavy iron bar. One of the appellants carried a gun in his hand at the time. Bean and Payne admitted that they broke into the garage but stated they did so solely for the purpose of taking the liquor. Minter denied that he went upon the premises of Allen, but admitted that he waited in the street in his automobile and that the liquor was carried to this car.

The appellants seek a reversal of the judgment because the court erred in admitting incompetent evidence over their objection and in failing to sustain their motion for a peremptory instruction.

It is argued that a peremptory instruction should have been given because the evidence showed that the garage of the prosecuting witness was not a storehouse within the meaning of the provision of section 1164, Kentucky Statutes, but was a dwelling house or outhouse in connection therewith as defined by section 1162, Kentucky Statutes, and that there was therefore a fatal variance between the indictment and the proof; and because the proof failed to show intent to steal property or thing of value, but showed conclusively an intent to take whisky, unlawfully possessed, in which there are no property rights.

Hillman Allen, in describing the robbery, said: "I was standing on the corner of 4th street, seeing these boys stop this car and run in, I knew exactly what they

were going to do. I didn't run upon them, I just looked at them. I knew if I rushed in on them, one or another was going to shoot me." The appellants moved to exclude the latter part of this statement and their motion was overruled. The statement, "I knew if I rushed in on them one or another was going to shoot me," was a mere conclusion of the witness and should have been excluded; but in view of all the evidence it was not prejudicial.

The indictment was drawn under section 1164, Kentucky Statutes, which provides that: "If any person shall feloniously, in the night or day, break any warehouse, storehouse, office, shop, or room, in a steam, wharf or other boat, . . . with intent to steal, . . . he shall be confined in the penitentiary not less than one nor more than five years." It is earnestly insisted that the garage in question was not a storehouse within the meaning of section 1164, but an outhouse belonging to or used with a dwelling house within the meaning of section 1162. While the garage was near the dwelling, it was not connected with it, and at the time it was broken into there were stored therein goods of the value of approximately $500 and was a storehouse. The articles stored in the building were not such as are customarily used in connection with a dwelling, and while a garage, used solely for the purpose of storing an automobile used by the occupants of a dwelling, might be classed as an outhouse, it will be converted into a storehouse when other articles are stored therein.

Appellants finally insist that whisky unlawfully possessed is not the subject of larceny, and as the sole intention of the appellants was to take the whisky, the offense denounced by section 1164 was not committed, and the trial court should have sustained their motion for a directed verdict. This question was determined adversely to appellants' contention in Ray v. Commonwealth (Ky.) S. W. (2d) —, decided February 8, 1929, and we are not disposed to depart from the ruling therein announced.

Appellants also complain because the court refused to give instructions 1, 2, and 3 offered by them. These instructions were based upon the theory that the garage was a part of the dwelling house, and that the whisky taken was not the subject of larceny. In view of our conclusions that the building entered was a storehouse and

that the article taken was the subject of larceny, the court properly refused to give the offered instructions.

Perceiving no error prejudicial to appellants' substantial rights, the judgment is affirmed.