## Horn v. Commonwealth.

Feb. 20, 1942.

Shumate & Shumate for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, John Horn, was indicted by the grand jury of Estill county wherein he was accused of the offense denounced in Section 1164 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes; i. e., feloniously breaking and entering the storehouse of the Petroleum Exploration (presumably a corporation) with intent to steal therefrom. At his trial, under a plea of not guilty, he was convicted and given the minimum punishment of confinement in the State penitentiary for one year. His motion for a new trial was overruled, and from the verdict of conviction and the judgment pronounced thereon, he prosecutes this appeal.

The motion for a new trial complains of the alleged error of the court: (a) in overruling appellant's motion for a peremptory instruction of acquittal; (b) the admission of incompetent testimony offered by the Commonwealth; (c) in not giving in its instructions to the jury the whole law of the case; (d) error in the instructions it did give; (e) in overruling defendant's demurrer to the indictment; and (f) the verdict is flagrantly against the evidence and is the result of passion and prejudice on the part of the jury.

The only points argued in the brief are: (1) that the building broken into with the intention to steal therefrom was not a storehouse within the meaning of the statute; (2) that the charged owner of the building broken into was not expressly stated to be a corporation and if it were such there was no proof of that fact; and (3) that the evidence was insufficient to sustain the verdict and it was and is flagrantly against the evidence. These three argued grounds will be determined in the order named.

1. The proof shows that the guilty felon, whomsoever he was, took from the building (which the proof showed was entered by the breaking of a window therein) a governor on a power engine used for pumping purposes and the production of power for any purposes necessary in extracting oil from wells. Within the building was stored a lot of tools belonging to the owner and other utensils and parts of machinery not then in use. In fact, the pumping engine, to which was attached the governor thereof, was itself idle at that time. In the case of Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390, we held that a blacksmith's shop came within the purview of the statute and fulfilled the requirement of the character of the building therein mentioned. In the cases of Ray v. Commonwealth, 12 Bush 397, and Hunter v. Commonwealth, 48 S. W. 1077, 20 Ky. Law Rep. 1165, we held that a building in which a farmer kept his farming tools was embraced by the statute so as to render one guilty who breaks it with the necessary intent. Likewise, in the case of Webb v. Commonwealth, 35 S. W. 1038, 18 Ky. Law Rep. 220, it was held that a stable containing buggies and harness and farming implements was a storehouse or warehouse within the meaning of the statute, and in the case of Bean et al. v. Commonwealth, 229 Ky. 400, 17 S. W. (2d) 262, we held that an ordinary garage used to house an automobile was such a building as the Statutes described for the breaking of which the offense denounced therein was committed. In the light of those decisions we find no room for the contention that the building broken into in this case was not one embraced by the terms of the statute creating the offense of which appellant was accused and this ground is, therefore, without merit.

2. In the case of Johnson v. Commonwealth, 87 Ky. 189, 7 S. W. 927, 10 Ky. Law Rep. 100, we held that an in-

dictment under the same statute need not describe the owner of the house, or the property taken, "with any more precision * * * than is necessary to inform the accused of the actual offense charged against him." Two years after the rendition of that opinion a case of the same style, reported in 57 S. W. 255, 22 Ky. Law Rep. 282, came before this court and which involved a prosecution under the same statute. The proof showed that the building broken into was owned by others jointly with the alleged owner as set out in the indictment. It was insisted by the accused in that case that the variance between the proof and the allegations of the indictment on the issue of ownership of the building was fatal and entitled him to a directed verdict of acquittal, but this court held otherwise and based its decision on the Johnson case, supra, reported in 87 Ky. 189, 7 S. W. 927, 10 Ky. Law Rep. 100. The opinion referred to Section 128 of our Criminal Code of Practice prescribing, in substance, that where the offense involved consists in the unlawful taking of property, or to commit an injury to person or property, it is only requisite that the indictment described the offense "with sufficient certainty to identify the act," and when done "an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material." The described owner in the instant indictment as the Petroleum Exploration was sufficient to identify the act committed by appellant, and so as to enable a person of common understanding to know what is or was intended, as is required by Subsection 2 of Section 122 of the Criminal Code of Practice, and which was the substance of the holding of this court in the two Johnson cases referred to. We, therefore, conclude that this ground is also without merit.

3. The proof of the prosecution was that the governor on the boiler of the engine referred to had been removed by some one who gained entrance into the building by breaking a window therein. Shortly after it was missing, appellant, who lived within 150 yards of the entered building, sold a governor to a man by the name of Richardson for $5, the price of which when new was about $30, and there was no proof that the one taken was either old or had become materially reduced in value from use. The governor sold to Richardson by appellant was uncontradictorily identified as the one taken

from the boiler in the entered building. Defendant testified that he bought the governor he sold Richardson some few days prior thereto from Matt Canter, who at the time of the trial was dead, and that he paid Canter $2 therefor, but he denied having broken into or obtaining it from the building described in the indictment. He did not show that he was engaged in any business wherein he needed the use of such an article, and if he had been a regular dealer in furnishing such attachments to those who did need them the very reduced price he received from Richardson would seem to indicate that he paid but little heed to the value of the property with which he was dealing, as a speculator. We have frequently sustained convictions of this type and character of offenses upon the presumption arising from the possession of involved property, and domestic cases are numerous where the conviction was sustained on that presumption as against the express denial of the accused of his guilt. We deem it unnecessary to list those cases in this opinion, since there is no conflict and they are too numerous to require it.

It is insisted by ounsel for appellant that the court's leading instruction to the jury did not expressly submit the venue of the offense, i. e., that it must have been committed in Estill county, but even so, we do not regard the error as fatal since it cannot be considered as affecting the substantial rights of appellant and under the provisions of Sections 340 and 353 of the Criminal Code of Practice a reversal should not be ordered unless the error complained of has such an effect. The proof was abundant and without contradiction that the offense charged in the indictment was committed in Estill county and there was no issue remote or otherwise as to the venue of the prosecution. We therefore conclude that the omission complained of in the light of the proof brings the error completely within the provisions of the Sections of the Criminal Code referred to as an unsubstantial and immaterial one not authorizing a reversal of the judgment.

Wherefore, for the reasons stated, the judgment is affirmed.