587 P.2d 52

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Donald LARA, Defendant-Appellant.**

**No. 3537.**

Court of Appeals of New Mexico.

Oct. 24, 1978.

Rehearing Denied Nov. 22, 1978.

John B. Bigelow, Chief Public Defender, Santa Fe, Mark H. Shapiro, Asst. Appellate Defender, Michael L. Danoff, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of burglary and larceny, defendant appeals. Two contentions are answered summarily. The photographic identification procedure was not impermissibly suggestive under the totality of the circumstances. *State v. Armstrong*, 85 N.M. 234, 511 P.2d 560 (Ct.App.1973); *State v. Jones*, 83 N.M. 600, 495 P.2d 380 (Ct.App. 1972). The refusal to give defendant's requested instruction on alibi was not error. The Use Note to U.J.I.Crim. 41.30 states that no instruction on the subject shall be given. See *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977); compare *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977). The issue to be discussed concerns the structure that defendant burglarized; the specific issue is whether defendant burglarized a dwelling house.

Defendant was convicted of burglary of a dwelling house, a third degree felony. Other burglary is a fourth degree felony. Section 40A–16–3, N.M.S.A.1953 (2d

Repl.Vol. 6). U.J.I.Crim. 16.21 defines a dwelling house as "any structure, any part of which is customarily used as living quarters." See *State v. Hudson*, 78 N.M. 228, 430 P.2d 386 (1967).

Defendant made an unauthorized entry into the victim's garage and stole a power saw and some wrenches. The garage is part of the structure in which the victim lived; one wall of the garage is also a wall of one of the rooms of the residence. The garage has a back door which opens onto the patio and an overhead door which opens onto the driveway. However, there is no door between the garage and the interior of the residence. To enter the residence from the garage, one must go either onto the patio or the driveway.

Defendant contends that an attached garage, with no opening to the house, is not a part of a dwelling house within the meaning of § 40A–16–3, supra. Because the garage "did not communicate directly" he asserts it was as effectively separated from the house as the garages in *People v. Picaroni*, 131 Cal.App.2d 612, 281 P.2d 45 (1955) and *Bean v. Commonwealth*, 229 Ky. 400, 17 S.W.2d 262 (1929). In *Picaroni*, supra, the garage was a separate building, a cement walk led from the garage to the house. The garage in *Bean*, supra, was also a separate building at the rear of the lot.

We do not agree with defendant. U.J.I. Crim. 16.21 defines dwelling house as *any* structure, *any part of which* is customarily used as living quarters. Under this definition, and the facts in the case, burglary of the garage was burglary of the dwelling house because the garage was a part of the structure used as living quarters. See *People v. Gargano*, 10 Ill.App.3d 957, 295 N.E.2d 342 (1973).

The fact that there was no direct access to the interior of the house from the garage does not aid defendant. The garage was a part of the habitation; it was "directly contiguous to and a functioning part" of the residence. *Burgett v. State*, 161 Ind. App. 157, 314 N.E.2d 799 (1974). See also *Bousman v. State*, Ind.App., 338 N.E.2d 723 (1975); *State v. Parker*, 501 S.W.2d 3 (Mo. 1973); *State v. Haas*, 13 Or.App. 368, 510 P.2d 852 (1973), rev'd on other grounds, 420 U.S. 714, 43 L.Ed.2d 570, 95 S.Ct. 1215 (1975). Defendant was properly convicted of burglary of a dwelling house.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.