665 P.2d 310

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kenny ROSS, Defendant-Appellant.**

**No. 7014.**

Court of Appeals of New Mexico.

May 24, 1983.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Joseph William Reichert, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge

Defendant appeals his conviction for breaking and entering contrary to NMSA 1978, § 30–14–8 (Cum.Supp.1982). The single issue raised on appeal is whether the trial court committed reversible error in denying defendant's motion for a directed verdict as to the charge of burglary of a dwelling house. NMSA 1978, § 30–16–3(A). Other issues listed in the docketing

statement but not briefed are abandoned. *State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982).

The grand jury indictment filed against defendant charged him with burglary of a dwelling house contrary to § 30–16–3(A), *supra.* At defendant's request the trial court also instructed the jury as to the crimes of attempted residential burglary; burglary of a structure; attempted burglary of a structure; breaking and entering; and attempted breaking and entering. Following deliberation, the jury returned a verdict finding defendant guilty of breaking and entering.

*Facts*

At trial, the State called three witnesses. Sadie Aguilar testified that she was house sitting for Hardy Swayze on July 18, 1981, and at about 4:00 a.m., she was awakened by the alarm system. She looked out of a window and saw a man trying to break into the garage near the house. She phoned the police and testified that she continued to observe the man for about nine or ten minutes. She described the man as approximately six feet tall, having brown-collar length hair, wearing light khaki pants and a two-tone T-shirt, red and grey in color.

Albuquerque police officer Desiderio Garcia responded to the call for assistance. He testified that upon his arrival soon after the call, he observed a man in the yard of the Swayze residence and attempted to arrest him, but the man evaded being taken into custody. The officer observed that the garage window had been broken, that there were numerous items of personal property strewn around the outside of the window, and that a pair of bolt cutters was lying on the ground near the door of the garage. Garcia then obtained a description of the person seen by her near the garage from Sadie Aguilar, and began a search of the neighborhood. Within an hour, Garcia apprehended defendant near the Swayze residence. Defendant identified himself as Kenny Ross.

At the time defendant was taken into custody he was not wearing a shirt but was carrying a two-tone red and grey shirt in his hand and had fresh scratches on his upper body. Officer Garcia advised defendant of his constitutional rights, and took him to the Swayze residence where he was identified by Sadie Aguilar as the same person she had seen at the garage. Defendant admitted that he had been hiding in the yard and having cut the lock to the garage. He later also gave a statement to Garcia, indicating that he had gone to the Swayze home with another person named "Mike," that defendant broke the lock to the garage, but that the other person had broken the glass and pulled out the items of property.

The owner of the residence, Hardy Swayze, testified to the nature of the damage done to his garage. He stated that the lock to the garage door and a window to the garage had been broken. He further stated that his garage was separated from his residence and not attached in any manner to the dwelling house. Following the conclusion of the evidence presented by the State, the defense rested without calling any witnesses.

*Propriety of Defendant's Conviction*

Defendant argues that the trial court erred in failing to grant his motion for a directed verdict because insufficient evidence was presented to submit the case to the jury establishing that he had in fact entered a dwelling place as defined by NMSA 1978, U.J.I.Crim. 16.21 (Repl.Pamph. 1982). Defendant argues that the undisputed evidence adduced at trial was that the structure alleged to have been burglarized was not a dwelling house, but was a garage unattached to any residence.

■ The evidence was sufficient to support defendant's conviction for breaking and entering contrary to § 30–14–8, *supra.* In determining whether the evidence supports a criminal charge or an essential element thereof, on appeal, we view the evidence in an aspect most favorable to the State, and resolve all conflicts and indulge in all permissible inferences therefrom in favor of a verdict of conviction. *State v. Tovar,* 98 N.M. 655, 651 P.2d 1299 (1982).

Defendant was acquitted of the charge of burglary of a dwelling house, thus the failure of the trial court to grant a directed verdict as to that charge was not error. No argument has been advanced that defendant was improperly charged. *See* NMSA 1978, Crim.P.R. 33(d) (Repl.Pamph.1980).

■ Defendant has not questioned whether the offense of breaking and entering is a lesser included offense of residential burglary or whether the latter offense may be committed without commission of the prior. *See* NMSA 1978, Crim.P.R. 44(d) (Repl.Pamph.1980). A lesser included offense is one which is comprised of some, but not all, of the elements of a greater offense and which does not have any element not included in the greater offense so that it is not possible to commit the greater offense without committing the lesser offense. *State v. Barela,* 95 N.M. 349, 622 P.2d 254 (Ct.App.1980).

■ The offense of burglary of a dwelling house as defined by statute in New Mexico, can be perpetrated without effecting an entry by (1) breaking any part of a structure, or (2) breaking or dismantling any device used to secure a structure. § 30–16–3, *supra. Compare State v. Ortiz,* 92 N.M. 166, 584 P.2d 1306 (Ct.App.1978) (conviction of burglary of dwelling house affirmed, despite fact there was "no actual breaking".); *State v. Ruiz,* 94 N.M. 771, 617 P.2d 160 (Ct.App.1980) (criminal trespass by unlawfully remaining on property is not included within the offense of burglary of a dwelling house).[1] New Mexico no longer defines burglary in terms of a "breaking."[2] *State v. Ortiz, supra.* Burglary of a dwelling house requires an entry of a dwelling house with the intent, at the time of entry, to commit a felony or theft therein. *State v. Ruiz, supra.* The offense of burglary is complete when entrance to a dwelling house, structure or other statutorily defined enclosure is made with the required criminal intent.

■ U.J.I.Crim. 16.21, *supra,* defines "dwelling house" as "any structure, any part of which is customarily used as living quarters." Under the facts herein, the detached and non-contiguous garage did not constitute a part of the dwelling house proper. *See State v. Lara,* 92 N.M. 274, 587 P.2d 52 (Ct.App.1978); *State v. Ortiz, supra.* Nor was the garage used for living quarters. Under the facts herein, breaking and entering was not a lesser included offense of the charge of burglary. The offense of breaking and entering may be committed by several alternative means; except where an unauthorized entry is obtained by fraud or deception, the other alternative methods of committing such offense do not fall within the ambit of a lesser included offense of burglary.

■ Considering the information provided defendant prior to trial, and the evidence adduced at trial, the failure of the trial court to grant defendant's motion for directed verdict upon the charge of burglary of a dwelling house, is not a valid basis for reversal of defendant's conviction for breaking and entering contrary to § 30–14–8, *supra.* Defendant was acquitted of burglary of a dwelling house and burglary of a structure. Defendant having urged the court to adopt an instruction upon the offense of breaking and entering, and having argued to the court that such offense is a necessarily included offense, will not be heard on appeal to claim that under the evidentiary and procedural posture of this case that his conviction of breaking and entering was error. An instruction not objected to and which was requested by defendant becomes the law of the case. *State v. Martin,* 90 N.M. 524, 565 P.2d 1041 (Ct. App.1977). Defendant has nowhere argued that the giving of the instruction sought by

---

1. After the decision in *State v. Ruiz, supra,* the legislature by Laws 1981, Ch. 34, § 1, amended NMSA 1978, § 30–14–1, to provide that criminal trespass may be committed by "unlawfully entering *or remaining upon the lands of another knowing that such consent to enter or re-*

*main is denied or withdrawn by the owner or occupant hereof."* (Emphasis added.)

2. New Mexico does not follow the common law definition of burglary. *State v. Ortiz,* 92 N.M. 166, 584 P.2d 1306 (Ct.App.1978).

him on "breaking and entering" prejudiced him in the defense of the case, or that he did not have proper notice.

In *People v. Muis,* 102 Cal. App.3d 206, 163 Cal.Rptr. 791 (Ct.App.1980), the court held that even though there may exist a variance between the crime charged and the offense for which defendant was convicted, the decisive question is whether the variance is "of such a substantial character as to have misled defendants in preparing their defense." *See also State v. Pina,* 90 N.M. 181, 561 P.2d 43 (Ct.App. 1977); *State v. Jaramillo,* 85 N.M. 19, 508 P.2d 1316 (Ct.App.1973); *State v. Chacon,* 80 N.M. 799, 461 P.2d 932 (Ct.App.1969). A variance will not be deemed to be fatal unless the defendant could not reasonably have anticipated from the indictment what the nature of the proof against him would be. NMSA 1978, Crim.P.R. 7(c) (Repl. Pamph.1980); *State v. Armijo,* 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977).

Rule 7(c) Crim.P., specifies in applicable part:

No variance between those allegations of a complaint, indictment, information or any supplemental pleading which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for acquittal of the defendant unless such variance prejudices substantial rights of the defendant. The court may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence.

The defendant was properly convicted of breaking and entering, since the evidence supported the verdict of the jury as to that charge, and his opportunity to prepare and defend against that charge was not impaired by the fact that such offense varied from the crime charged in the indictment.

Defendant also argues that although the jury returned a verdict finding him guilty of breaking and entering, the judgment and sentence entered against him on November 30, 1982, recited that he was convicted of "BREAKING AND ENTERING * * * contrary to Section 30–16–3(A), N.M.S.A.1978." Although § 30–16–3(A), *supra,* cited in the judgment refers to the offense of burglary of a dwelling house, this statutory reference is an obvious clerical error. The jury verdict at trial found defendant guilty of breaking and entering, the prior diagnostic commitment entered by the court confirmed that defendant was guilty of breaking and entering, and a portion of the judgment and sentence also referred to that offense.

Clerical mistakes in judgments or orders, arising from oversight or omission are not deemed jurisdictional, and may be corrected by the court at any time and after such notice, if any, as the court may specify. NMSA 1978, Crim.P.R. 4.1 (Repl.Pamph. 1980). On remand, correction of the clerical misreference is proper. NMSA 1978, Crim. P.R. 57.1 (Repl.Pamph.1980).

The judgment is affirmed. The trial court is ordered on remand to correct the statutory misreference contained in defendant's sentence.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.