This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                              **NO. 31,316**

**DANIEL MUNIZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Defendant appeals his convictions for nine counts of second degree criminal

sexual contact of a minor under age thirteen. [RP 149-155] In a second notice of proposed summary disposition, we proposed to affirm Defendant's convictions but to remand so that Defendant's sentence could be corrected to reflect the appropriate parole term and to change an erroneous statutory reference. Defendant has filed a second memorandum in opposition to our proposed affirmance but in favor of resentencing to reduce the time Defendant must serve on parole. After considering Defendant's second memorandum, we remain unconvinced that the disposition proposed in our second notice is in error. Therefore, we affirm Defendant's convictions and remand for correction of Defendant's sentence.

**Resentencing**

Defendant was charged in the amended criminal information with three counts of first degree criminal sexual penetration of a minor under age thirteen (CSPM), eight counts of second degree criminal CSCM, and one count of third degree CSCM. [RP 122-125] *See* NMSA § 30-9-13(A), (B)(1), (C)(1) (2003); NMSA 1978, § 30-9-11(A), (D)(1) (2009). He entered a plea agreement and was ultimately sentenced on nine counts of second degree CSCM. [RP 129-133, 149-155] Even though Defendant pled to, and was convicted of, nine counts of second degree CSCM, the amended judgment and sentence indicates that Defendant violated Section 30-9-13(A), (C)(1), which is a third degree felony. [150-151]

In our second notice, we proposed to remand for correction and clarification of Defendant's sentence. We proposed to agree with the State that the district court had the authority to sentence Defendant for nine counts of second degree CSCM. [SMIO 3] *See State v. Herrera*, 2001-NMCA-073, ¶ 9, 131 N.M. 22, 33 P.3d 22 (stating that the district court is authorized to negotiate a no contest plea to any charged offense or a lesser or related offense). However, the amended judgment and sentence appears to contain a clerical error because, even though it classifies count 12 as a second degree felony, it erroneously cites to Section 30-9-13(A)(C)(1), a third degree felony. [RP 152] Thus, we proposed to remand for clarification and correction of Defendant's sentence. *Cf. State v. Ross*, 100 N.M. 48, 52, 665 P.2d 310, 314 (Ct. App. 1983) (remanding the judgment and sentence to the district court to correct the incorrect statutory reference contained in the defendant's sentence while observing that "[c]lerical mistakes in judgments or orders, arising from oversight or omission are not deemed jurisdictional, and may be corrected by the court at any time and after such notice, if any, as the court may specify").

In his second memorandum in opposition, Defendant opposes our proposed disposition because the amended criminal indictment specifically alleges that Defendant committed a third degree felony by alleging that Defendant caused "Jane Doe, a child under the age of thirteen (13) years at the time, to touch Defendant's

unclothed penis with her hands[.]" [RP 124; 2DMIO 1] He argues that this behavior falls squarely within the conduct prohibited under Section 30-9-13(C)(1). [2DMIO 2] Because he was charged with the commission of a third degree felony, Defendant claims he was pleading to a third degree felony and thus his sentence should reflect his conviction of a third degree felony. [2DMIO 2] We disagree.

As previously discussed, in addition to being charged with commission of third degree CSCM, Defendant was charged with committing three counts of first degree CSPM. [RP 122-125] Therefore, the district court was justified in accepting his plea to nine counts of second degree CSCM because one of the counts is a "lesser or related offense" to first degree CSP as it "is reasonably related to [the] charged offense." *Herrera*, 2001-NMCA-073, ¶¶ 9-10 (internal quotation marks and citation omitted). [RP 129-133] .

Thus, we remand for correction and clarification of Defendant's sentence because it erroneously cites to a third degree felony even though Defendant pled to, and was convicted of, a second degree felony.

**Parole**

In his previous memorandum in opposition, Defendant claimed he was wrongfully sentenced to a parole period of five years to natural life pursuant to NMSA 1978, § 31-21-10.1(A)(2) (2007), because at the time Defendant committed the

crimes, NMSA 1978, § 31-21-10.1(A) (2003), provided that he could only be sentenced to a parole period between five and twenty years. [1DMIO 1-2, 3-6; RP 153] In our second notice, we proposed to agree and to remand so that Defendant's sentence could be corrected to state a parole period of five to twenty years. Neither party has opposed our proposed disposition on this issue. Therefore, we remand so that Defendant can be resentenced to a parole period between five and twenty years in accordance with the law in effect at the time he committed the crimes.

**Ineffective Assistance**

In his first memorandum in opposition, Defendant claimed that his trial counsel's ineffectiveness resulted in a guilty plea that was not entered into knowingly and voluntarily. [1DMIO 6] Defendant also claimed that the district court erred in accepting his plea agreement because he demonstrated obvious misgivings regarding the plea at the plea and disposition hearing and because the charges were not supported by sufficient evidence. [1DMIO 11]

We proposed to affirm on all of these contentions in our second notice of proposed summary disposition. In his second memorandum in opposition, Defendant makes no new arguments but instead relies on the facts, authorities, and arguments set forth in his first memorandum in opposition and his docketing statement. [2DMIO 2-3] Therefore, for the reasons set forth in our first and second notices of proposed

summary disposition, we affirm the district court's acceptance of Defendant's plea agreement and affirm Defendant's convictions.

**Conclusion**

For the reasons set forth above and in our first and second notices of proposed disposition, we affirm Defendant's convictions for nine counts of second degree CSCM.  For the reasons set forth above and in our second notice, we remand for clarification and correction of Defendant's sentence.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**