This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41267

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EMMANUEL LOUIE ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio Chavez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant was tried for residential burglary and convicted by a jury. *See* NMSA 1978, § 30-16-3(A) (1971). In reaching their verdict, the jury was specifically asked whether the structure Defendant entered was a dwelling and found that it was. On appeal, Defendant's sole contention is that the structure was, as a matter of law, not a dwelling—a distinction that distinguishes third-degree residential burglary from fourth-

degree simple burglary. *Compare* § 30-16-3(A), *with* § 30-16-3(B). Accordingly, he asks this Court to vacate his conviction for residential burglary and remand the matter to the district court with instructions to enter a judgment of simple burglary. We affirm.

## DISCUSSION

{2}     The crime of residential burglary consists of the unauthorized entry of any "dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." Section 30-16-3(A). A "dwelling" is defined in our Uniform Jury Instructions as "any structure, any part of which is customarily used as living quarters." UJI 14-1631 NMRA. The Legislature has designated burglary of a dwelling to be a third-degree felony, *see* § 30-16-3(A), whereas burglaries of "any vehicle, watercraft, aircraft or *other structure*, movable or immovable" are fourth-degree felonies. Section 30-16-3(B) (emphasis added).

{3}     In this case, Defendant characterizes the structure he entered as a "lean-to shed" or a secondary shed and asserts that it does not meet the definition of "dwelling" as a matter of law. The State, in contrast, describes the structure as a "carport" or "garage" and argues that it is part of the dwelling. To the extent Defendant contends that the structure at issue does not fall within the scope of the residential burglary statute, our review is de novo. *See State v. Off. of Pub. Def. ex rel. Abdul Muqqddin*, 2012-NMSC-029, ¶ 13, 285 P.3d 622 (internal quotation marks and citations omitted). To the extent we must determine whether there is sufficient evidence to support the jury's finding that the structure is a dwelling, we apply a substantial evidence standard and review. *See generally State v. Shelby*, 2021-NMCA-064, ¶ 4, 499 P.3d 671.

{4}     We begin our review by describing the evidence presented to the jury. Photographs depicting the home and all of its attendant structures were entered into evidence by Defendant. These photographs show that Victim's home consisted of, from left to right, a garage, living quarters, a deck above a carport, and an enclosed garage or shed. *See* Appendix A showing Defendant's Exhibit B. Defendant entered the structure on the farthest right, shown to house a red vehicle. Victim testified that this structure had double plywood doors that were kept in a closed position and secured by a sixteen-foot-long two-by-four.

{5}     Turning to the question presented—whether this structure constitutes a dwelling—we are guided by previous decisions that have considered the matter. In *State v. Lara*, 1978-NMCA-112, ¶¶ 5, 7, 92 N.M. 274, 587 P.2d 52, this Court affirmed a conviction for residential burglary where the defendant entered an attached garage that shared a connecting wall with the living quarters but lacked a door into the home. *Id.* ¶ 3. The Court concluded that the garage was "part of the structure" as contemplated by the definition of "dwelling house" set forth in UJI 14-1631, noting that the garage was "a part of the habitation; it was 'directly contiguous to and a functioning part' of the residence." *Lara*, 1978-NMCA-112, ¶¶ 5, 6. In contrast, in *State v. Ross*, 1983-NMCA-065, 100 N.M. 48, 665 P.2d 310, this Court held that a "detached and non-contiguous garage did not constitute a part of the dwelling house proper." *Id.* ¶ 11. Finally, our

Supreme Court has emphasized the importance of a space being enclosed in order to be considered prohibited space. *Muqqddin*, 2012-NMSC-029, ¶ 44. Based on the parameters outlined in *Lara*, *Ross*, and *Muqqddin*, the structure in this case meets the criteria for a dwelling. It was attached to and part of the contiguous structure, part of which was used as living quarters, and it was enclosed.

**{6}**     Defendant offers three arguments in support of a contrary conclusion. He first contends that the structure cannot legally be defined as a dwelling because it is not "customarily used as living quarters," as discussed by this Court in *Shelby*, 2021-NMCA-064. In *Shelby*, the structure at issue was a home under construction, with no electricity or running water. *Id.* ¶ 1. This Court examined whether the house could be said to be "customarily used as living quarters," given the incomplete construction and the fact that the owner was only occasionally present. *Id.* ¶¶ 1, 18-19. Under the facts presented, the Court concluded that the structure, though incomplete, qualified as a dwelling. *Id.* ¶ 23. In this case, however, there is no dispute that part of the structure was regularly and customarily used as living quarters. It is not necessary for the State to further establish that the portion of the structure Defendant entered was also used as living quarters where it was "directly contiguous to and a functioning part of the residence." *Lara*, 1978-NMCA-112, ¶ 6 (internal quotation marks and citation omitted).

**{7}**     Defendant next argues that the structure here is not akin to the attached garage in *Lara* because it is not attached to the residence. We understand Defendant to argue that the structure is not attached simply because it does not share a wall with the living quarters. We reject this position, given that the structure at issue shares a wall with the carport, was in fact used as a garage, and is otherwise part of a single contiguous building, part of which is customarily used as living quarters. *See id.* ¶ 5. Given these features, the structure at issue sufficiently qualifies as part of the dwelling house. Further, although Defendant suggests that this structure is similar to the wholly-detached garage at issue in *Ross* because it lacks a door to the interior of the residence, *Lara* established that direct access to the interior of the house is not strictly required. *See Lara*, 1978-NMCA-112, ¶ 6. For all of these reasons, we are not persuaded by Defendant's suggestion that the structure in this case is more like the wholly-detached garage in *Ross* than the attached garage in *Lara*.

**{8}**     Finally, Defendant argues our Supreme Court in *Muqqddin* cautioned against expanding the structures that could be burglarized. 2012-NMSC-029, ¶¶ 49-52. However, our holding does not represent an expansion, but rather, an adherence to the core principles expressed in *Muqqddin* and long recognized in our state. Defendant did not enter a distant building that was physically removed from the living quarters; he entered a garage affixed to Victim's home with the intent to commit a theft. This is exactly the sort of invasion *Muqqddin* deemed worthy of protection under the law. *See id.* ¶¶ 40-45.

**CONCLUSION**

**{9}**     For the foregoing reasons, we affirm.

{10}    IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

SHAMMARA H. HENDERSON, Judge

KATHERINE A. WRAY, Judge

APPENDIX A



